IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RACHEL MEEKS,                                   Case No:

      Plaintiff,

v.

ASSOCIATED INVESTIGATORS, INC., a
Florida for Profit Corporation, and
DAWN CASE, individually,

      Defendants.
_____/

## COMPLAINT AND DEMAND FOR A JURY TRIAL

Plaintiff, Rachel Meeks ("Meeks"), hereby sues the Defendants, ASSOCIATED INVESTIGATORS, INC. ("ASI"), and DAWN CASE, ("Case") (collectively "Defendants") for failing to pay overtime wages for every hour worked, and states as follows:

## INTRODUCTION

1.  This is an action against Defendants for overtime compensation, liquidated damages, interest, and attorney's fees and costs pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201 *et seq.*

## JURISDICTION AND PARTIES

2.  This Court has jurisdiction over this matter and claims under the FLSA

1

pursuant to 28 U.S.C. § 1331.

3. Meeks at all times material hereto was employed in Hillsborough County, Florida, and was an "employee" of Defendants within the meaning of 29 U.S.C. § 203(e)(1).

4. ASI is a Florida for Profit Corporation that conducts business in this District and is subject to the requirements of the FLSA. At all times material hereto ASI was Meeks' "employer" within the meaning of 29 U.S.C. § 203(d); ASI was engaged in the production of goods for commerce; ASI had gross annual volume of sales made or business done in an amount over $500,000.00; and ASI employed two (2) or more employees who handled and worked with goods or materials that had been moved in or produced for commerce.

5. Case is the President, Director, and owner of ASI.

6. Venue in this District is proper pursuant to 28 U.S.C. § 1391, as the unlawful employment practices were committed in this District.

## FACTUAL ALLEGATIONS

7. At all material times Meeks worked for ASI as an employee assisting in the repossession of motor vehicles. Starting on October 1, 2018, Meeks consistently worked in excess of forty (40) hours per workweek performing the

duties she was hired to perform.

8. ASI paid Meeks a flat weekly rate of pay from October 1, 2018 through September 30, 2021, but ASI refused to pay Meeks for all hours worked at the appropriate overtime compensation rate, despite ASI's knowledge Meeks was working her typical hours in excess of 40 per workweek.

9. Case was aware of, and refused to pay Meeks for all hours worked at the appropriate overtime compensation rate, despite Case's knowledge Meeks was working her typical hours in excess of 40 per workweek.

10. Meeks was not "exempt" from the overtime provisions under the FLSA, and Meeks qualifies as an employee entitled to overtime compensation for hours worked in excess of forty (40) hours per workweek.

11. Meeks has retained the services of Barbas, Nunez, Sanders, Butler & Hovsepian, P.A. and is obligated to pay her legal counsel a reasonable fee for their services.

**COUNT I: VIOLATION OF FLSA OVERTIME REQUIREMENTS BY ASI**

12. Meeks realleges paragraphs 1 through 11 as if fully set forth herein.

13. ASI did not keep and maintain accurate time records for Plaintiff as required by the FLSA.

14. ASI's failure to pay Meeks appropriate overtime compensation for all hours worked in excess of forty (40) hours for each workweek constitutes a violation of 29 U.S.C.A. § 207.

15. ASI's violations of the FLSA were knowing, willful, and in reckless disregard of Meeks' rights under the FLSA.

**WHEREFORE**, Meeks respectfully requests that this Court enter judgement against the Defendant ASI and:

a. Direct ASI to make Meeks whole by providing her with appropriate unpaid overtime compensation for all hours worked in excess of forty (40) hours per workweek;

b. Direct ASI to pay Meeks an amount equal to the sum of her unpaid overtime as liquidated damages pursuant to 29 U.S.C. § 216(b);

c. Direct ASI to pay Meeks interest on the unpaid overtime wages;

d. Direct ASI to pay the reasonable costs and attorney's fees in connection with this action pursuant to 29 U.S.C. § 216(b); and

e. Grant such further relief as the Court deems necessary and proper.

## COUNT II: VIOLATION OF FLSA OVERTIME REQUIREMENTS BY CASE

16. Meeks realleges paragraphs 1 through 11 as if fully set forth herein.

17. Case, as the President, Director, and owner of ASI, did not keep and maintain accurate time records for Plaintiff as required by the FLSA.

18. Case's failure to pay Meeks appropriate overtime compensation for all hours worked in excess of forty (40) hours for each workweek constitutes a violation of 29 U.S.C.A. § 207.

19. Case's violations of the FLSA were knowing, willful, and in reckless

disregard of Meeks' rights under the FLSA.

**WHEREFORE**, Meeks respectfully requests that this Court enter judgement against the Defendant Case and:

a. Direct Case to make Meeks whole by providing her with appropriate unpaid overtime compensation for all hours worked in excess of forty (40) hours per workweek;

b. Direct Case to pay Meeks an amount equal to the sum of her unpaid overtime as liquidated damages pursuant to 29 U.S.C. § 216(b);

c. Direct Case to pay Meeks interest on the unpaid overtime wages;

d. Direct Case to pay the reasonable costs and attorney's fees in connection with this action pursuant to 29 U.S.C. § 216(b); and

e. Grant such further relief as the Court deems necessary and proper.

## DEMAND FOR JURY TRIAL

20. Plaintiff demands a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and in accordance with Rule 1.06 of the Rules of the U.S. District Court for the Middle District of Florida.

Dated this 10th day of December, 2021.

                                            Steven E. Hovsepian, Esquire
                                            Florida Bar No.: 091359
                                            BARBAS, NUNEZ, SANDERS
                                             BUTLER & HOVSEPIAN
                                            1802 W. Cleveland Street
                                            Tampa, Florida 33606
                                            Telephone: (813) 254-6575
                                            Facsimile: (813) 254-4690
                                            Lead Counsel, Attorneys for Plaintiff
                                            shovsepian@barbaslaw.com