UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RACHEL MEEKS,

    Plaintiff,

v.                                  Case No.:  8:21-cv-02878-CEH-MRM

ASSOCIATED INVESTIGATORS,
INC. and DAWN CASE,

    Defendants.
_____/

## ORDER

The parties filed a Joint Motion to Approve FLSA Settlement and Dismiss With Prejudice.  (Doc. 34).  For the reasons below, the motion is **DENIED WITHOUT PREJUDICE**.

## LEGAL STANDARD

To approve the settlement of FLSA claims, the Court must determine whether the settlement is a "fair and reasonable [resolution] of a bona fide dispute" of the claims raised.  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216.  There are two ways for a claim under the FLSA to be settled or compromised.  *Lynn's Food Stores*, 679 F.2d at 1352-53.  The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees.  *Lynn's Food Stores*, 679 F.2d at 1353.  The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages.  *Lynn's Food Stores*, 679 F.2d at 1353.  When

employees sue, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit has found settlements to be permissible when employees sue under the FLSA for back wages. *Id.* at 1354. The Eleventh Circuit held:

> [A lawsuit] provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

## ANALYSIS

Upon preliminary review, the Court finds that the proposed settlement suffers from several deficiencies that preclude a finding of fairness and reasonableness at this time.

**1.     Settlement Agreement Not Executed:** The version of the settlement agreement the parties filed is not fully executed because it is not signed by any party. (*See* Doc. 34-1 at 6). On this record, there is no showing that the parties are willing to be bound by the settlement agreement. The parties must re-file a fully executed

settlement agreement for the Court's consideration, while also accounting for the additional deficiencies mentioned below.

    2.    **Monetary Terms:**  Although Plaintiff's Complaint alleges that Defendants failed to properly compensate Plaintiff for overtime hours per week, (*see* Doc. 1 at 2-5), Plaintiff does not allege an amount of damages or a total amount of overtime hours worked, (*see id.*).  Likewise, the motion does not include any estimate of the amount of damages or the total number of unpaid hours for overtime work. (*See* Doc. 34).  Instead, in the motion, the parties broadly note that the proposed settlement agreement is "a reasonable compromise of disputed claims." (*Id.* at 4 ¶ 9). Nevertheless, the parties' settlement is for a total of $30,000.00, including $10,000.00 "for alleged unpaid overtime compensation and back wages," $10,000.00 "for alleged liquidated damages and interest," and $10,000.00 "for attorney's fees and costs." (Doc. 34-1 at 2 ¶ 4(a)).

Despite their agreement as to the amounts, neither the joint motion nor the settlement agreement provides any meaningful discussion of the basis for Plaintiff's alleged damages or how the proposed settlement amounts relate to those damages. (*See id.*).  Put simply, the parties provided no "statement as to the number of hours and amount of lost wages claimed by Plaintiff."  *See Chavez v. BA Pizza, Inc.*, No. 2:18-cv-375-FtM-99MRM, 2018 WL 3151861, at *2 (M.D. Fla. June 12, 2018), *report and recommendation adopted*, No. 2:18-cv-375-FtM-99MRM, 2018 WL 3135944 (M.D. Fla. June 27, 2018).  Without this information, the Court cannot evaluate whether

3

the proposed monetary terms are a fair and reasonable resolution of the FLSA dispute. *See Schultz v. Wilson Lighting of Naples, Inc.*, No. 2:20-cv-400-FtM-38MRM, 2021 WL 467188, at *2 (M.D. Fla. Jan. 25, 2021), *report and recommendation adopted*, No. 2:20-cv-400-SPC-MRM, 2021 WL 463815 (M.D. Fla. Feb. 9, 2021) (finding that the Court cannot evaluate the monetary terms absent a statement of the amount of damages the plaintiff alleged he was owed and a description of the review undertaken to reach proposed amounts).

Because the Court cannot determine the fairness and reasonableness of the monetary terms, the motion is denied without prejudice. In any renewed motion, the parties must provide enough information for the Court to evaluate the fairness and reasonableness of the monetary terms.

3. **Impermissible Amendment Provision:** The proposed settlement agreement contains an amendment provision that states: "No provision of this Agreement may be amended or modified unless the amendment or modification is agreed to in writing and signed by Plaintiff and by Defendants." (Doc. 34-1 at 5 ¶ 12). This Court has previously found that an amendment provision cannot be approved because it "leaves 'the parties free to circumvent *Lynn's Food* [*Stores*] review through post hoc modifications of an already-approved agreement.'" *Dexheimer v. Enjoy the City N., Inc.*, No. 6:18-cv-1980-Orl-76EJK, 2020 WL 5822195, at *3 (M.D. Fla. Apr. 13, 2020) (quoting *Dumas v. 1 Amble Realty, LLC*, No. 6:17-cv-765-Orl-37KRS, 2018 WL 5020134, at *3 (M.D. Fla. Mar. 9, 2018)). For this reason, the Court cannot approve a settlement agreement "that is not in its final form" and has

4

an "opportunity for amendment." *See id.* at *3 (internal quotation and citation omitted). The parties must remove this provision from their settlement agreement before renewing their motion. In this regard, the Court has considered whether the potentially problematic language could be severed from the agreement, but the proposed settlement agreement does not contain a severability provision. (*See* Doc. 34-1).

4. **Inconsistent Release Language:** In one of the proposed settlement agreement's "RECITALS" provision, the parties assert that "[t]he purpose of this Agreement is to settle and compromise *any and all* prior or existing disputes, claims, and controversies between the Parties . . . and to bar any and all future disputes, claims and controversies between the Parties." (*See* Doc. 34-1 at 1 (emphasis added)). At the end of the agreement, however, Plaintiff appears to waive only those claims for unpaid wages and overtime. (*See id.* at 3 ¶ 7). In the "Plaintiff's Release of Defendant" provision, Plaintiff "*completely releases and forever discharges* the Defendants from any and all claims for alleged unpaid wages and overtime asserted, or which could have been asserted, in the Lawsuit, including, but not limited to, any and all claims under the FLSA." (*Id.* at 3-4 (emphasis in original)). Additionally, the second to last paragraph of the agreement reads, in relevant part:

> **THIS AGREEMENT CONTAINS A RELEASE OF ALL UNPAID WAGE AND OVERTIME CLAIMS AGAINST DEFENDANT, YOUR FORMER EMPLOYER, INCLUDING CLAIMS UNDER THE FLSA AND APPLICABLE STATE AND MUNICIPAL WAGE AND OVERTIME LAWS.**

(*Id.* at 5 (emphasis in original)).

Because of the inconsistent language used throughout the proposed settlement agreement, the Court cannot discern whether the parties intend to release only Plaintiff's FLSA claims or have a general mutual release. The parties do not (1) discuss or explain the inconsistency among the various release languages in the proposed settlement agreement nor (2) explain why the Court should approve the non-cash concession as fair and reasonable. The Court will require them to do so in any renewed motion.

## CONCLUSION

For these reasons, the Court **ORDERS** that:

1. The Joint Motion to Approve FLSA Settlement and Dismiss With Prejudice (Doc. 34) is **DENIED WITHOUT PREJUDICE**.

2. **No later than December 13, 2022**, the parties must either:

    a. file a renewed motion that complies with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982), its progeny, and this Order; or

    b. file a motion to reopen the case along with an appropriate Case Management Report including proposed case management deadlines and a proposed trial term.

**DONE** and **ORDERED** in Tampa, Florida on November 29, 2022.

_[signature]_

Mac R. McCoy
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties